[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant filed a revised Special Defense after this court granted the plaintiffs motion to strike the previously filed one. The Special Defense alleges Contributory Reckless. Although the defendant has added conclusory language regarding reckless conduct, the facts as pled in this newly filed defense are insufficient.
"In this state, reckless misconduct has been treated as meaning the same as wilful or wanton misconduct, and all three terms mean highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Thus, for conduct to be reckless it must be egregious . . . To state a claim of recklessness, therefore, the defendants must allege facts demonstrating both egregious conduct and the requisite state of mind." Ayala v. Meehan,
Superior Court, judicial district of Windham at Putnam, Docket No. CV-94-0049450S (Jan. 28, 1998, Lager, J.) (Citations omitted; internal quotations omitted).
"Recklessness or wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the conduct and circumstances. Not only the action producing the injury but the resulting injury also must be intentional. CT Page 4063 (Citations omitted; internal quotation marks omitted.) Dennis v.Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV97 034 23 99 (May 1, 1998, Skolnick, J.) Most of the defendant's Special Defense asserts legal conclusions. The portions which allege, purely, factual statements are: the plaintiff walked into the path of moving traffic. The defendant also claims in the Special Defense that the plaintiff recognized that her conduct involved a great risk and that she had full knowledge that her actions were putting her at risk of severe physical injury. These statements do not meet the level of egregiousness or wantonness to support a recklessness claim. Although the defendant does state that the plaintiff was putting herself at risk, the allegation lacks the intentional aspect necessary.
Therefore, because the Special Defense does not contain allegations sufficient to support a claim of recklessness, the plaintiffs motion to strike is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT